UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD W. CHAPMAN,

    Plaintiff,

v.                                Case No. 8:25-cv-1970-TPB-SPF

ALLY SERVICING, LLC,

    Defendant.
_____/

## ORDER GRANTING ALLY SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S STATEMENT OF CLAIM

This matter is before the Court on Defendant "Ally Servicing, LLC's Motion to Dismiss Plaintiff's Statement of Claim," filed on August 1, 2025. (Doc. 4). On August 5, 2025, Defendant filed a supplemental motion to include the required certificate of conferral. (Doc. 9). Plaintiff Ronald W. Chapman failed to file a response in opposition, and the time to do so has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

### Background

Plaintiff Ronald W. Chapman sues Defendant Ally Servicing, LLC for violation(s) of the Truth in Lending Act ("TILA"). Although brief and rife with legal conclusions, the complaint reveals few operative facts. Plaintiff appears to simply claim that "Ally is guilty of not following The Truth in Lending Act (TILA) of 1968 [, which] is a United States federal law designed to promote the informed use of consumer credit." He requests that Defendant lower his interest payment to 4% "as

they are guilty of breaking state [l]aws of Truth in Lending [Act]" and wants Defendant to "repay all the ridiculously high-interest rate payments from the past."

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

### Analysis

Defendant argues that Plaintiff fails to state any viable claim under TILA by failing to include sufficient factual allegations. TILA requires that certain disclosures be provided to a consumer "at the time the creditor distributes an application to establish an account[.]" 15 U.S.C. 1637a(b)(1)(A); *Trevathan v. Select Portfolio Servicing, Inc.*, 142 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015).

Plaintiff does not identify any specific TILA violation – he only alleges generally that Defendant is "guilty" of violating TILA without explaining how any such violation occurred. He has therefore failed to state a claim, and the motion is granted as to this ground. In an abundance of caution, the Court will permit Plaintiff the opportunity to file an amended complaint. In any amended complaint, Plaintiff must specifically identify any TILA provision he believes that Defendant violated, and he must *factually* explain how Defendant violated that provision – that is, he must describe Defendant's acts or omissions.

### Warning for Pro Se Litigant

**The Court notes that even *pro se* plaintiffs must follow procedural rules, including the Federal Rules of Civil Procedure and the Local Rules**

**of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website. The Court is unlikely to grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Ally Servicing, LLC's Motion to Dismiss Plaintiff's Statement of Claim" and supplemental motion (Docs. 4; 9) are **GRANTED.**

2. Plaintiff's complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. Plaintiff is directed to file an amended complaint on or before September 18, 2025. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE